# IN THE COURT OF APPEALS OF IOWA

No. 15-1802
Filed May 11, 2016

**DAN EUGENE HAMPTON,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott,

Judge.

Dan Hampton appeals the order granting the State's motion for summary

judgment on his application for postconviction relief. **AFFIRMED.**

Matthew R. Metzgar of Rhinehart Law, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Dan Hampton appeals the order granting the State's motion for summary judgment on his application for postconviction relief (PCR). Hampton, who was convicted of first-degree kidnapping in 1992 and whose conviction was affirmed on direct appeal the following year, argues his claim is not barred by the limitations period set forth in Iowa Code section 822.3 (2015) because it is based on a new ground of law. "Our review of the court's ruling on the State's statute-of-limitations defense is for correction of errors of law." *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). "Thus, we will affirm if the trial court's findings of fact are supported by substantial evidence and the law was correctly applied." *Id.* at 520.

Hampton claims *State v. Robinson*, 859 N.W.2d 464, 474-78 (Iowa 2015), sets forth new law that may be applied retroactively. In *Robinson*, our supreme court reviewed Iowa law concerning the confinement requirement for a kidnapping conviction. Referencing its holding in *State v. Rich*, 305 N.W.2d 739, 741-42 (Iowa 1981), the *Robinson* court held sufficient evidence supports a kidnapping conviction when "the defendant's confinement of the victim *substantially* increased the risk of harm, *significantly* lessened the risk of detection, or *significantly* facilitated escape." 859 N.W.2d at 475, 481. The court went on to state that "the underlying crime must be substantially more heinous to give rise to a kidnapping conviction," *id.* at 482, which Hampton claims is "a new ground of law that did not exist at the time Hampton was tried for kidnapping." However, the *Robinson* court notes that this concept "underlies" the test set forth in *Rich*. *See id.* In other words, the court was not announcing a new rule of law

but rather clarifying the existing law, which does not provide an exception to the requirements of section 822.3.  *See Perez v. State*, 816 N.W.2d 354, 360-61 (Iowa 2012) (noting a legal decision that merely clarifies existing law is not a new ground of law that could not have been raised within the three-year limitations period of section 822.3).  The PCR court correctly held the issue existed at the time of Hampton's conviction, could have been raised in his direct appeal, and is therefore barred under section 822.3.

The PCR court correctly determined Hampton's PCR claim is time barred. Accordingly, we affirm.

**AFFIRMED.**